IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALVINA CASARA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| TATA AMERICA INTERNATIONAL CORPORATION | ) FILED ) JUNE 2, 2008    YM ) 08CV3166 |
| Defendant. | ) JUDGE HART ) MAGISTRATE JUDGE VALDEZ |

## COMPLAINT

NOW COMES the PLAINTIFF, ALVINA CASARA (hereinafter referred to as "Plaintiff") by and through her attorneys and complaining of the Defendant TATA AMERICA INTERNATIONAL CORPORATION (hereinafter referred to as "Defendant") states as follows:

### SUMMARY OF THE CASE

1. Plaintiff brings this action for unpaid overtime compensation, liquidated damages and other equitable and ancillary relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and for unlawful retaliation and discharge of Plaintiff in violation of the employee protection provisions of §215(a)(3) of the FLSA. Plaintiff also brings claims for retaliation and racial and gender discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

2. Plaintiff was employed as an administrative assistant by Defendant in the State of Illinois. She was hired by Defendant on or about March 15, 2004 and terminated on March 3, 2008.

3. Defendant is a New York Corporation doing business in the State of Illinois, including this District.

4. During her employment, Plaintiff worked as a secretary and administrative assistant for Chandra Yallapantulla, who was a Regional Manager for Defendant. As part of her employment, Plaintiff was required to arrive to work early, stay late and receive and respond to calls from the Defendant while she was away from work during the evenings and on the weekend. Defendant failed to keep accurate records of the time worked each week by the Plaintiff in violation of the FLSA and paid Plaintiff $675.00 per week regardless of the hours she worked.

5. The Plaintiff was not exempt from the FLSA because she did not meet the tests for exemption under federal law.

6. During the statutory period, Plaintiff regularly worked more than 40 hours per week without overtime compensation. This practice of failing to pay Plaintiff for actual hours worked and overtime compensation violates provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* As a result of Defendant's unlawful practice, Plaintiff suffered a loss of wages.

7. Defendant failed to pay overtime wages and other benefits to Plaintiff by intentionally, willfully and improperly requiring her to work in excess of 40 hours per week without overtime compensation in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

8. Plaintiff complained that she was not being paid for work performed off the clock and in excess of 40 hours per week. In response, the Defendant verbally harassed Plaintiff, locked Plaintiff out of the office, opened Plaintiff's personal mail, searched

Plaintiff's personal belongings kept in her desk, attempted to sabotage Plaintiff's work and otherwise created a hostile work environment.

9. On or about February 7, 2008, during a meeting with Human Resources, Plaintiff reiterated her complaints and stated that she was being retaliated against. Thereafter, Plaintiff called the Equal Employment Opportunity Commission ("EEOC") and scheduled an interview for February 27, 2008. Plaintiff then informed Defendant she had scheduled a meeting with the EEOC.

10. On February 27, 2008 while she was still employed by the Defendant, Plaintiff had an interview and filed a charge with the EEOC that she had been retaliated against for complaining of a protected activity and discriminated against because of her national origin and gender in violation of the Title VII of the Civil Rights Act of 1964, as amended (See Exhibit A).

11. On March 3, 2008 and within a week of filing her charge with the EEOC, Plaintiff was fired by the Defendant.

12. Plaintiff filed another charge with the EEOC on March 26, 2008 that she had been terminated in retaliation for engaging in a protected activity and discriminated against because of her national origin and gender (See Exhibit B).

13. On April 28, 2008, Plaintiff received her right to sue letter from the EEOC (See Exhibit C).

### PARTIES, VENUE AND JURISDICTION

14. At all relevant times, Plaintiff, Alvina Casara, has resided at 21798 Carol Avenue, Sauk Village, Illinois 60411.

15. Defendant is a New York Corporation doing business in the State of Illinois, including this District.

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 2000e-5(f).

17. Venue is proper in this District pursuant to 28 U.S.C. §1391 and 42 U.S.C.§ 2000e-5(f) because Defendant has offices in this district and the unlawful employment practices occurred in this district.

## COUNT I

### FAIR LABOR STANDARDS ACTION, 29 U.S.C. §201 ET SEQ. UNPAID WAGES/OVERTIME

18. Plaintiff repeats and re-alleges the above paragraphs as if fully stated herein.

19. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Plaintiff regularly worked more than forty (40) hours per week, but was not paid overtime.

20. The foregoing actions of Defendant constitutes violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendant's actions were willful and not in good faith.

21. Defendant is liable to Plaintiff for actual damages and equitable relief, pursuant to 29 U.S.C. §216(b).

## COUNT II

### RETALIATION UNDER THE FLSA

22. Plaintiff repeats and re-alleges the above paragraphs.

23. The Defendant knowingly, intentionally and willfully retaliated against Alvina Casara for opposing Defendant's unlawful wage and hour practices, including its failure to pay overtime wages, by terminating Alvina Casara.

24. Defendant's violation of Plaintiff's rights under the FLSA caused her to suffer financial loss and other compensatory damages including, but not limited to: lost wages and benefits; injury to her career and professional reputations and emotional pain, distress, embarrassment, humiliation, mental anguish and loss of enjoyment of life.

## COUNT III

### TITLE VII DISCRIMINATION CLAIM

25. Plaintiff repeats and re-alleges the above paragraphs as if fully stated herein.

26. Title VII prohibits employers from discriminating against employees on account of their race, national origin and gender.

27. Plaintiff is an African American woman and Defendant primarily employs Indian citizens. Plaintiff was qualified for the position for which she was hired.

28. Defendant discriminated against Ms. Casara on account of her national origin in the workplace by treating her differently than its Indian employees.

29. Defendant discriminated against Ms. Casara on account of her gender and national origin in the workplace by harassing her because she was a woman and treating her differently than its male, Indian employees.

30. In addition, after Ms. Casara complained about this misconduct, Defendant subjected Ms. Casara to heightened scrutiny as compare to its male, Indian employees.

31. On March 3, 2008 and within a week of filing her charge with the EEOC, Plaintiff was fired by the Defendant in retaliation for engaging in a protected activity and discriminated against because of her national origin and gender (See Exhibit D).

32. Defendants engaged in these acts of discrimination and retaliation with malice or with callous or reckless indifference to Plaintiffs' Title VII rights.

33. On April 28, 2008, Plaintiff received her right to sue letter from the EEOC (See Exhibit C).

34. As Ms. Casara's former employer, Defendant is liable to her for compensatory and punitive damages and for attorney's fees as a result of the unlawful discrimination culminating in the termination of her employment, including the unlawful acts of discriminatory practices by Defendant.

## COUNT IV

### TITLE VII RETALIATION CLAIM

35. Plaintiff repeats and re-alleges the above paragraphs as if fully stated herein.

36. During her employment, Plaintiff suffered discrimination in the workplace because of her national origin and gender. Ms. Casara complained to the Human Resources department and participated in several meetings to no avail.

37. The discriminatory acts committed by Defendant are prohibited by and unlawful under Title VII, 42 U.S.C. §2000e-5.

38. As a result of Ms. Casara's reporting of these unlawful acts, her employment was terminated in March 2008.

39. Defendants terminated Plaintiff's employment with malice or with callous or reckless indifference to her Title VII rights.

40. As her former employer, Defendant is liable to Plaintiff for compensatory and punitive damages and for attorneys' fees as a result of the unlawful termination of her employment in retaliation for her complaints about the unlawful acts of discriminatory practices.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, ALVINA CASARA, by and through her attorneys demand judgment against the Defendant for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

a. Declare and find that the Defendants committed one or more of the following acts:

  i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff;

  ii. Willfully violated overtime provisions of the FLSA;

  iii. Retaliated against and wrongfully discharged Plaintiff for exercising her rights in violation of the FLSA, 29 U.S.C. §215(a)(3);

  iv. Violated Title VII; and,

  v. Retaliated against and wrongfully discharged Plaintiff for exercising her rights in violation of Title VII.

b. Award lost wages and compensatory damages, including all overtime pay owed, in an amount according to proof;

c. Award front pay and job training costs in an amount to be determined at trial;

d. Award liquidated damages;

e. Award pre-judgment interest;

f. Award punitive damages;

g.     All costs and attorney's fees incurred prosecuting this claim;

h.     Leave to amend to add claims under applicable state and federal laws;

i.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

j.     For such further relief as the Court deems just and equitable.

Plaintiffs request a trial by jury.

Dated: June 2, 2008                     Respectfully Submitted,

                                            /s/ *Ryan F. Stephan*
                                            Attorneys for the Plaintiffs
                                            James B. Zouras
                                            Ryan F. Stephan
                                            Stephan Zouras, LLP
                                            205 N. Michigan Avenue, Suite 2560
                                            Chicago, Illinois 60601
                                            312-233-1550
                                            312-233-1560 f

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2008-03246 |
|---|---|---|

Illinois Department Of Human Rights                                   and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Alvina Casara | Home Phone (Incl. Area Code)<br>(708) 275-9117 | Date of Birth<br>06-07-1966 |
|---|---|---|

Street Address: 21798 Carol Ave, Sauk Village, IL 60411

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>TATA CONSULTANCY SERVICES | No. Employees, Members<br>500 or More | Phone No. (Include Area Code) |
|---|---|---|

Street Address: Downtown Chicago Regional Office, 200 S. Wacker Drive, Suite 3100, Chicago, IL 60606

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-01-2007   Latest: 02-27-2008
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on March 15, 2004. My most current position is Senior Administrative Assistant. During my employment I was subjected to harassment. I complained of the harassment and was disciplined.

I believe that I have been retaliated against for complaining of a protected activity and discriminated against because of my national origin, American, and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

08CV3166
JUDGE HART   YM
MAGISTRATE JUDGE VALDEZ

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 27, 2008   /s/ Alvina Casara
Date                 Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2008-04350 |

Illinois Department Of Human Rights                        and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Alvina Casara | (708) 275-9117 | 06-07-1966 |

Street Address: 21798 Carol Ave, Sauk Village, IL 60411

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TATA CONSULTANCY SERVICES | 201 - 500 | (630) 245-8304 |

Street Address: Downtown Chicago Regional Office, 200 S. Wacker Drive, Suite 3100, Chicago, IL 60606

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-29-2008     Latest: 02-29-2008
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

On February 27, 2008, I filed EEOC charge no: 440-2008-03246. Since filing my EEO complaint I have been discharged.

I believe that I have been discriminated against because of my race, Black, sex, female and national origin (American), and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
MAR 2 6 2008
CHICAGO DISTRICT OFC

08CV3166
JUDGE HART   YM
MAGISTRATE JUDGE VALDEZ

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Mar 26, 2008    *Alvina Casara*
Date             Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EXHIBIT B

EEOC Form 161 (2/08)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Alvina Casara
21798 Carol Avenue
Sauk Village, IL 60411

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7000 1670 0012 6742 7530

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-03246 | Eva Baran, Investigator | (312) 353-7303 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

John P. Rowe,
District Director

4-28-08
(Date Mailed)

cc: Tata American International Corporation

08CV3166
JUDGE HART      YM
MAGISTRATE JUDGE VALDEZ



EXHIBIT C



**TCS AMERICA**
A Division of Tata America International Corporation

```
08CV3166
JUDGE HART    YM
MAGISTRATE JUDGE VALDEZ
```

**Via Federal Express and US Mail**

Ref EE #: 801311

March 3, 2008

Alvina Casara
1838 W. 170th St., #1E
Hazel Crest, IL 60429

Dear Alvina:

As you were advised, your employment with TCS was terminated effective March 3, 2008. You will receive your regular salary through March 3, 2008 plus two weeks severance pay as well as any accrued, unused vacation time due to you.

Please be advised that any insurance coverage which you had through TCS will terminate on March 31, 2008. You will receive information concerning your COBRA benefits in accordance with the law. In the meantime, any questions regarding your benefits can be answered by our Benefits Department. Please feel free to contact Stacy Robinson at 732-491-0143 or Barbara Adedeji at 732-491-0019.

Very truly yours,

Ashok Mukherjee
Vice President, Human Resources

EXHIBIT D

101 PARK AVENUE, 26 FLOOR • NEW YORK, NY 10178 • TEL. (212) 557-8038 FAX: (212) 867-8652