IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALVINA CASARA,

                Plaintiff,

      v.

TATA AMERICA INTERNATIONAL
CORPORATION,

                Defendant.

No.  08 cv 3166

Judge William T. Hart
Magistrate Judge Maria Valdez

## DEFENDANT TATA AMERICA INTERNATIONAL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Tata America International Corporation ("Tata")[1], by and through its attorneys, Kelley Drye & Warren LLP, and in answering Plaintiff's Complaint at Law ("Complaint") states as follows:

1.      Plaintiff brings this action for unpaid overtime compensation, liquidated damages and other equitable and ancillary relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and for unlawful retaliation and discharge of Plaintiff in violation of the employee protection provisions of §215(a)(3) of the FLSA. Plaintiff also brings claims for retaliation and racial and gender discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:**    Tata denies the allegations contained in paragraph 1 of the Complaint, except that it admits that the Complaint purports to assert claims pursuant to the statutes cited therein.

2.      Plaintiff was employed as an administrative assistant by Defendant in the State of Illinois.  She was hired by Defendant on or about March 15, 2004 and terminated on March 3, 2008.

**ANSWER:**     Tata denies the allegations of paragraph 2 of the Complaint, except that it

---

[1]      Tata is a wholly owned subsidiary of Tata Consultancy Services, Ltd. ("TCS").

admits that Plaintiff was informed on Friday, February 29, 2008, that her termination would

become effective on Monday, March 3, 2008.


3.     Defendant is a New York Corporation doing business in the State of Illinois, including this District.

**ANSWER:**     Tata admits that it is a New York corporation with its principal place of business

at 101 Park Avenue, New York, New York.  Tata denies the allegation contained in paragraph 3

of the Complaint that it was "doing business" on the ground that it is a conclusion of law to

which no response is necessary.


4.     During her employment, Plaintiff worked as a secretary and administrative assistant for Chandra Yallapantulla, who was a Regional Manager for Defendant.  As part of her employment, Plaintiff was required to arrive to work early, stay late and receive and respond to calls from the Defendant while she was away from work during the evenings and on the weekend.  Defendant failed to keep accurate records of the time worked each week by the Plaintiff in violation of the FLSA and paid Plaintiff $675.00 per week regardless of the hours she worked.

**ANSWER:**     Tata admits only that Plaintiff was employed as an administrative assistant and

at some point in her employment was assigned to work for Chandra Yallapantulla.  Tata denies

the remaining allegations of paragraph 4 of the Complaint.


5.     The Plaintiff was not exempt from the FLSA because she did not meet the tests for exemption under federal law.

**ANSWER:**     Tata denies the allegations contained in paragraph 5 of the Complaint on the

ground that they state conclusions of law to which no response is necessary.


6.     During the statutory period, Plaintiff regularly worked more than 40 hours per week without overtime compensation.  This practice of failing to pay Plaintiff for actual hours worked and overtime compensation violates provisions of the Fair Labor Standards Act, 29

U.S.C. §§ 201 et seq.  As a result of Defendant's unlawful practice, Plaintiff suffered a loss of wages.

**ANSWER:**     Tata denies the allegations contained in the first and third sentences of

paragraph 6 of the Complaint.  Tata denies the allegations contained in the second sentence of

paragraph 6 of the Complaint on the ground that they state conclusions of law to which no

response is necessary.


7.     Defendant failed to pay overtime wages and other benefits to Plaintiff by intentionally, willfully and improperly requiring her to work in excess of 40 hours per week without overtime compensation in direct violation of the <u>Fair Labor Standards Act</u>, 29 U.S.C. §§ 201 *et seq*.

**ANSWER:**     Tata denies the allegations of paragraph 7 of the Complaint.


8.     Plaintiff complained that she was not being paid for work performed off the clock and in excess of 40 hours per week.  In response, the Defendant verbally harassed Plaintiff, locked Plaintiff out of the office, opened Plaintiff's personal mail, searched Plaintiff's personal belongings kept in her desk, attempted to sabotage Plaintiff's work and otherwise created a hostile work environment.

**ANSWER:**     Tata denies the allegations of paragraph 8 of the Complaint.


9.     On or about February 7, 2008, during a meeting with Human Resources, Plaintiff reiterated her complaints and stated that she was being retaliated against.  Thereafter, Plaintiff called the Equal Employment Opportunity Commission ("EEOC") and scheduled an interview for February 27, 2008.  Plaintiff then informed Defendant she had scheduled a meeting with the EEOC.

**ANSWER:**     Tata denies the allegations contained in the first and third sentences of

paragraph 9 of the Complaint.  Tata is without sufficient knowledge or information to form a

belief as to the truth of the allegations contained in the second sentence of paragraph 9 of the

Complaint and as such denies the same.

10.     On February 27, 2008 while she was still employed by the Defendant, Plaintiff had an interview and filed a charge with the EEOC that she had been retaliated against for complaining of a protected activity and discriminated against because of her national origin and gender in violation of the Title VII of the Civil Rights Act of 1964, as amended (See Exhibit A).

**ANSWER:**     Tata is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and as such denies the same.  Tata admits that Exhibit A purports to be a Charge of Discrimination, filed with the EEOC on February 27, 2008.

11.     On March 3, 2008 and within a week of filing her charge with the EEOC, Plaintiff was fired by the Defendant.

**ANSWER:**     Tata admits that Plaintiff was informed on Friday, February 29, 2008, that her termination would become effective on Monday, March 3, 2008.  Tata is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and as such denies the same.

12.     Plaintiff filed another charge with the EEOC on March 26 2008 that she had been terminated in retaliation for engaging in a protected activity and discriminated against because of her national origin and gender (See Exhibit B).

**ANSWER:**     Tata is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and as such denies the same.  Tata admits that Exhibit B purports to be a Charge of Discrimination, filed with the EEOC on March 26, 2008.

13.     On April 28; 2008, Plaintiff received her right to sue letter from the EEOC (See Exhibit C).

**ANSWER:**     Tata is without sufficient knowledge or information to form a belief as to the truth

of the allegations contained in paragraph 13 of the Complaint and as such denies the same. Tata

admits that Exhibit C purports to be a Dismissal and Notice of Rights, signed April 28, 2008.


## PARTIES, VENUE AND JURISDICTION

14.     At all relevant times, Plaintiff Alvina Casara, has resided at 21798 Carol
Avenue, Sauk Village, Illinois 60411.

**ANSWER:**     Tata is without sufficient knowledge or information to form a belief as to the truth

of the allegations contained in paragraph 14 of the Complaint and as such denies the same.


15.     Defendant is a New York Corporation doing business in the State of Illinois,
including this District.

**ANSWER:**     Tata admits that it is a New York corporation with its principal place of business

at 101 Park Avenue, New York, New York and admits that it is "doing business" in the State of

Illinois as it understands that term.


16.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 42
U.S.C. § 2000e-5(f).

**ANSWER:**     Tata denies the allegations contained in paragraph 16 of the Complaint on the

ground that they state conclusions of law to which no response is necessary.


17.     Venue is proper in this District pursuant to 28 U.S.C. §1391 and 42 U.S.C. §
2000e-5(f) because Defendant has offices in this district and the unlawful employment
practices occurred in this district.

**ANSWER:**     Tata denies the allegations contained in paragraph 17 of the Complaint on the

ground that they state conclusions of law to which no response is necessary.

## COUNT I

### FAIR LABOR STANDARDS ACTION, 29 U.S.C. §201 ET SEQ. UNPAID WAGES/OVERTIME

18.      Plaintiff repeats and re-alleges the above paragraphs as if fully stated herein.

**ANSWER:**    Tata adopts and incorporates by reference its responses to paragraphs 1 through

17 of the Complaint as though set forth fully herein.

19.      The Fair Labor Standards Act; 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Plaintiff regularly worked more than forty (40) hours per week, but was not paid overtime.

**ANSWER:**    Tata denies the allegations contained in first sentence of paragraph 19 of the

Complaint on the ground that they state conclusions of law to which no response is necessary.

Tata denies the allegations contained in the second sentence of paragraph 19 of the Complaint.

20.      The foregoing actions of Defendant constitutes violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Defendant's actions were willful and not in good faith.

**ANSWER:**    Tata denies the allegations contained in paragraph 20 of the Complaint on the

ground that they state conclusions of law to which no response is necessary.

21.      Defendant is liable to Plaintiff for actual damages and equitable relief, pursuant to 29 U.S.C.§216(b).

**ANSWER:**    Tata denies the allegations contained in paragraph 21 of the Complaint on the

ground that they state conclusions of law to which no response is necessary.

## COUNT II

### RETALIATION UNDER THE FLSA

22.    Plaintiff repeats and re-alleges the above paragraphs.

**ANSWER:**    Tata adopts and incorporates by reference its responses to paragraphs 1 through

21 of the Complaint as though set forth fully herein.

23.    The Defendant knowingly, intentionally and willfully retaliated against Alvina
Casara for opposing Defendant's unlawful wage and hour practices, including its failure to pay
overtime wages, by terminating Alvina Casara.

**ANSWER:**    Tata denies the allegations of paragraph 23 of the Complaint.

24.    Defendant's violation of Plaintiff's rights under the FLSA caused her to suffer
financial loss and other compensatory damages including, but not limited to: lost wages and
benefits; injury to her career and professional reputations and emotional pain, distress,
embarrassment, humiliation, mental anguish and loss of enjoyment of life.

**ANSWER:**    Tata denies the allegations of paragraph 24 of the Complaint.

## COUNT III

### TITLE VII DISCRIMINATION CLAIM

25.    Plaintiff repeats and re-alleges the above paragraphs as if fully stated herein.

**ANSWER:**    Tata adopts and incorporates by reference its responses to paragraphs 1 through

24 of the Complaint as though set forth fully herein.

26.    Title VII prohibits employers from discriminating against employees on account
of their race, national origin and gender.

**ANSWER:**    Tata denies the allegations contained in paragraph 26 of the Complaint on the

ground that they state conclusions of law to which no response is necessary.

27.    Plaintiff is an African American woman and Defendant primarily employs

Indian citizens.  Plaintiff was qualified for the position for which she was hired.

**ANSWER:**    Tata is without sufficient knowledge or information to form a belief as to the truth

of the allegations contained in the first sentence of paragraph 27 of the Complaint and as such

denies the same.  Tata denies the remaining allegations of paragraph 27 of the Complaint.


28.    Defendant discriminated against Ms. Casara on account of her national origin in the workplace by treating her differently than its Indian employees.

**ANSWER:**    Tata denies the allegations of paragraph 28 of the Complaint.


29.    Defendant discriminated against Ms. Casara on account of her gender and national origin in the workplace by harassing her because she was a woman and treating her differently than its male, Indian employees.

**ANSWER:**    Tata denies the allegations of paragraph 29 of the Complaint.


30.    In addition, after Ms. Casara complained about this misconduct, Defendant subjected Ms. Casara to heightened scrutiny as compare to its male, Indian employees.

**ANSWER:**    Tata denies the allegations of paragraph 30 of the Complaint.


31.    On March 3, 2008 and within a week of filing her charge with the EEOC, Plaintiff was fired by the Defendant in retaliation for engaging in a protected activity and discriminated against because of her national origin and gender (See Exhibit D).

**ANSWER:**    Tata denies the allegations of paragraph 31 of the Complaint.  Tata admits that

Exhibit D is a letter from Ashok Mukherjee to Plaintiff, dated March 3, 2008, terminating

Plaintiff's employment with Tata.  Tata further states that that the above referenced letter

speaks for itself.


32.    Defendants engaged in these acts of discrimination and retaliation with malice

or with callous or reckless indifference to Plaintiffs' Title VII rights.

**ANSWER:**    Tata denies the allegations of paragraph 32 of the Complaint.


33.    On April 28, 2008, Plaintiff received her right to sue letter from the EEOC (See Exhibit C).

**ANSWER:**    Tata is without sufficient knowledge or information to form a belief as to the truth

of the allegations contained in Paragraph 33 of the Complaint and as such denies the same.


34.    As Ms, Casara's former employer, Defendant is liable to her for compensatory and punitive damages and for attorney's fees as a result of the unlawful discrimination culminating in the termination of her employment, including the unlawful acts of discriminatory practices by Defendant.

**ANSWER:**    Tata denies the allegations of paragraph 34 of the Complaint.


## COUNT IV

### TITLE VII RETALIATION CLAIM

35.    Plaintiff repeats and re-alleges the above paragraphs as if fully stated herein.

**ANSWER:**    Tata adopts and incorporates by reference its responses to paragraphs 1 through

34 of the Complaint as though set forth fully herein.


36.    During her employment, Plaintiff suffered discrimination in the workplace because of her national origin and gender.  Ms. Casara complained to the Human Resources department and participated in several meetings to no avail.

**ANSWER:**    Tata denies the allegations of paragraph 36 of the Complaint.


37.    The discriminatory acts committed by Defendant are prohibited by and unlawful under Title VII, 42 U.S.C. §2000e-5.

**ANSWER:**     Tata denies the allegations of paragraph 37 of the Complaint.

38.     As a result of Ms. Casara's reporting of these unlawful acts, her employment was terminated in March 2008.

**ANSWER:**     Tata denies the allegations of paragraph 38 of the Complaint.

39.     Defendants terminated Plaintiff's employment with malice or with callous or reckless indifference to her Title VII rights.

**ANSWER:**     Tata denies the allegations of paragraph 39 of the Complaint.

40.     As her former employer, Defendant is liable to Plaintiff for compensatory and punitive damages and for attorneys' fees as a result of the unlawful termination of her employment in retaliation for her complaints about the unlawful acts of discriminatory practices.

**ANSWER:**     Tata denies the allegations of paragraph 40 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiff's failure to exhaust her administrative

remedies.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief sought in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff is able to establish that she worked an inappropriate amount of non-exempt work so as to vitiate her exempt status, such activity was without the knowledge and contrary to the instructions of Tata.  Plaintiff, therefore, is equitably estopped from asserting a claim that was created, if at all, by her misconduct.

## SIXTH AFFIRMATIVE DEFENSE

Tata has paid to Plaintiff all amounts to which she is entitled under the Fair Labor Standards Act ("FLSA").

## SEVENTH AFFIRMATIVE DEFENSE

Tata asserts that all actions were taken in good faith and with reasonable grounds for believing that the acts were not in violation of the FLSA.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff is able to establish that Tata failed to pay wages as required by law, Tata asserts that such failure was not willful.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages and/or punitive relief.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages, any entitlement to which is expressly denied.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by such additional defenses as Tata may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not be completed.  Accordingly, Tata reserves the right to supplement the forgoing and to raise additional defenses as may appear as the case progresses.

CH01/LUZAM/232577.1

WHEREFORE, Defendant Tata America International Corporation, prays for judgment against Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and Defendant be awarded fees and costs incurred, and such other and further relief that this Court deems just and appropriate.

Dated:  July 30, 2008

/s/ Matthew C. Luzadder
One of the Attorneys for Defendant,
TATA AMERICA INTERNATIONAL
CORPORATION

Julian Solotorovsky (#3122749)
Caroline C. Plater (#6256076)
Matthew C. Luzadder (#6283424)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, IL  60606
(312) 857-7070

CH01/LUZAM/232577.1