IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALVINA CASARA, | ) | |
| | ) | |
|       **Plaintiff,** | ) | |
| | ) | |
|    v. | ) | Case No.  08 CV 3166 |
| | ) | |
| TATA AMERICA INTERNATIONAL CORPORATION | ) | Judge William Hart |
| | ) | |
|       **Defendant.** | ) | |

**PARTIES JOINT INITIAL STATUS REPORT**

1.    Nature of claims and defenses: Plaintiff claims that Defendant willfully misclassified her as exempt and denied her overtime pay for all hours worked over 40 per week.  Specifically, Plaintiff claims that Defendant failed to record the hours worked by the Plaintiff and paid her $675.00 per week regardless of the actual hours she worked. Plaintiff claims that through its pay practices, Defendant violated the <u>Fair Labor Standards Act</u>, 29 U.S.C. §§ 201 *et seq.*  Plaintiff also brings claims for Defendant's unlawful retaliation and discharge of Plaintiff in violation of the employee protection provisions of §215(a)(3) of the FLSA.  Lastly, Plaintiff brings claims for retaliation and racial and gender discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

      Defendant asserts that Casara was properly exempt from overtime pay based on her job responsibilities and her salaried pay and thus, Casara's FLSA claims are not sustainable.  Defendant also denies that Casara worked more than 40 hours per week. Defendant maintains that any work Plaintiff performed beyond scheduled work hours was unauthorized and *de minimus*.  Defendant further denies that Casara was discharged in retaliation for any claims Casara may have made under either the FLSA or Title VII. Rather, Defendant maintains that Casara was properly terminated, prior to Defendant's knowledge of any of Casara's alleged claims asserted before the EEOC and later in this Court, based on Casara's consistent refusal to perform work assigned to her.

2.    Relief sought by Plaintiff:  Plaintiff seeks unpaid overtime damages, lost wages and benefits, front pay and job training costs, liquidated damages, pre-judgment interest, punitive damages, attorney's fees and expenses.

3.    Names of parties not served:  All parties have been served.

4.    Principal legal issues: Whether the Plaintiff was misclassified as exempt from state and federal wage and hour laws and is therefore entitled to overtime compensation, and if so, whether such misclassification was willful. Whether the Defendant retaliated

and discriminated against the Plaintiff by terminating her for complaining of her overtime work and unpaid wages or discriminating against her because of her race or age. Whether Plaintiff was properly terminated for non-discriminatory and non-retaliatory purposes.

5.   Principal factual issues:  On the FLSA claim, factual issues include Plaintiffs' job duties, rate of pay, amount of hours worked and whether Defendant kept accurate records of Plaintiff's time worked and whether Plaintiff's claims of time worked are accurate. On the FLSA retaliation claim, factual issues include whether Plaintiff was fired for complaining about unpaid overtime work performed during the evenings or on weekends. On the Title VII claims, factual issues include whether the Defendant, who largely employs Indian employees and males, discriminated against Plaintiff because of her race or gender.  On all claims, factual issues include whether Plaintiff was properly terminated for non-discriminatory and non-retaliatory purposes.

6.   List of pending motions and brief summary of bases for motions:  There are no pending motions.

7.   Description of discovery requested and exchanged:  Discovery has not yet been requested or exchanged.

8.   Type of discovery needed:  Plaintiff anticipates that she will need discovery related to her compensation, job duties, job description, time worked, work performed Defendant's decision to deprive her overtime pay, Plaintiffs' job performance and termination, and the race and gender of others employed by Defendant as administrative assistants.  Plaintiff intends to issue written discovery and anticipates the need for approximately five depositions.

Defendant anticipates it will need discovery related to Plaintiff's compensation, job duties, job description, time worked, work performed, Plaintiffs' job performance and termination, the timing between Defendant's decision to terminate Plaintiff and its knowledge of Plaintiff's employment related complaints, and the non-discriminatory and non-retaliatory reasons for Plaintiff's termination.  Defendant intends to issue written discovery and anticipates the need for approximately five depositions.

9.   Agreed dates for:

   a.   Rule 26(a)(1) disclosures:  8-5-08

   b.   Fact discovery completion:  2-1-09

   c.   Expert discovery completion (including dates for the delivery of expert reports): 5-1-09;

   d.   Filing of dispositive motions: 7-1-09

      e.      Filing of a final pre-trial order: 9-1-09

10.     Estimation of when the case will be ready for trial: 10-01-09;

11.     Probable length of trial:  3-4 days.

12.     Whether a request has been made for a jury trial:  There has been a request for a jury trial.

13.     Whether there have been settlement discussions and if so the outcome of those discussions:  There have not been any settlement discussions.

14.     Whether the parties consent to proceed before a Magistrate Judge:  Defendant does not consent to proceed before the Magistrate.

July 30, 2008

                          /s/ Ryan F. Stephan
                          One of the Attorneys for Plaintiff
                          Ryan F. Stephan
                          Jim Zouras
                          STEPHAN ZOURAS, LLP
                          205 North Michigan Avenue
                          Suite 2560
                          Chicago, Illinois 60601
                          Telephone: (312) 233 1550
                          Facsimile:  (312) 233 1560


                          /s/ Matthew C. Luzadder
                          One of the Attorneys for Defendant,
                          TATA AMERICA INTERNATIONAL
                          CORPORATION
                          Julian Solotorovsky (#3122749)
                          Caroline C. Plater (#6256076)
                          Matthew C. Luzadder (#6283424)
                          KELLEY DRYE & WARREN LLP
                          333 West Wacker Drive
                          Suite 2600
                          Chicago, IL  60606
                          (312) 857-7070